UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNATHAN EHREN EMILIEN                              CIVIL ACTION

VERSUS                                               NUMBER: 15-0359

PARISH OF JEFFERSON, ET AL.                          SECTION: "E"(5)

**REPORT AND RECOMMENDATION**

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Johnathan Ehren Emilien, against Defendants, the Parish of Jefferson, the State of Louisiana, the Jefferson Parish Sheriff's Office ("JPSO"), the Twenty-Fourth Judicial District Court for the Parish of Jefferson, and the Jefferson Parish Correctional Center ("JPCC"). (Rec. doc. 4, pp. 1, 4).

Plaintiff, an inmate of JPCC, alleges that on January 22, 2015, he was haled into court on a charge that he was previously unaware of without having theretofore being advised of his rights, fingerprinted, or photographed on that charge. He had also not previously been afforded a bond hearing. While in court, Plaintiff was purportedly informed that he was there for a preliminary examination but since he was unattended by counsel, the matter was continued. At that point, Plaintiff states that he queried the presiding judge as to the nature of the charge against him and whether a bond had been set but was simply referred to classification officials at the jail to obtain such information. Plaintiff states that he had previously made such inquiries to JPCC officials on two separate occasions but was never informed that he faced a new criminal charge. (Rec. doc. 4, pp. 7-8).

On January 26, 2015, Plaintiff was returned to court and was advised that a charge of resisting an officer was being accepted and was to be consolidated with a heroin possession charge that he was already aware of.  Upon asking when he had been arrested on the resisting charge, Plaintiff received no answer.  Plaintiff maintains that his alleged arrest on that charge is illegal as he is unaware of its date nor has he ever been fingerprinted, *Mirandized*, or photographed in connection with the resisting charge, all of which he can demonstrate through various documents.  Plaintiff states that he submitted that documentation to a correctional officer on January 27, 2015 along with a request for legal assistance and to be provided with four copies of the paperwork.  On January 27, 2015, the request form was returned to Plaintiff without the paperwork he had submitted which he surmises was done to keep his case from being heard.  Previously, on January 12, 2015, Plaintiff states that he had forwarded a complaint to court complaining of the alleged use of excessive force against him on December 9, 2014 and a slip and fall he had experienced at JPCC on December 11, 2014 which he suspects was never mailed to the intended tribunal but was instead stolen.[1/]  Finally, Plaintiff alleges that JPCC forces inmates on certain tiers to give their outgoing mail to correctional officials who have no connection with the mail room, thus causing the mail to pass through the hands of multiple officials in the process, jeopardizing the release of personal information and increasing the risk of the mail being tampered with or stolen.  (*Id.* at pp. 8-11).

Plaintiff's allegations in the present case can roughly be divided into two categories: those challenging the legality of his arrest and prosecution for resisting an officer and those complaining of the handling of his request for legal assistance and mail at JPCC.  As to the

---

[1/] Plaintiff is undoubtedly referring to the lawsuit entitled *Emilien v. State of Louisiana, et al.*, No. 15-CV-0123 "H"(4) which is presently pending before another section of this court.

2

former set of allegations, the law is clear that when a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of *habeas corpus* even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. *Caldwell v. Line*, 676 F.2d 494 (5th Cir. 1982); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for *habeas corpus* relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction *habeas* proceedings. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal *habeas corpus* relief were previously presented to the state's highest court in a procedurally proper fashion. *Knox v. Butler*, 884 F.2d 849, 852 n. 7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

      Plaintiff's allegations respecting the legality of his arrest and prosecution for resisting an officer challenge the fact and duration of his confinement which must first be pursued on *habeas corpus* grounds, thus triggering the attendant requirement of exhaustion of state court remedies. *Hernandez v. Spencer*, 780 F.2d 504 (5th Cir. 1986). On that score, Plaintiff indicates on the face of his complaint, in answer to Question No. I(A) of the pre-printed §1983 form, that he has initiated only one other lawsuit in state or federal court pertaining to his imprisonment, that being the §1983 action challenging the conditions of his confinement noted in footnote one above. Accordingly, insofar as the instant matter can be construed as a request for *habeas corpus* relief, it should be dismissed

without prejudice for failure to exhaust available state court remedies. *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any viable §1983 claims are raised by Plaintiff's complaint against the specifically named Defendants. As for the Parish of Jefferson, in order to hold such a local governmental body liable for a constitutional violation, a plaintiff must allege that: 1) an employee of the local governmental body violated the plaintiff's clearly established constitutional rights with subjective deliberate indifference, and 2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference. *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999). No such allegations have been pled by Plaintiff here. With respect to the next listed Defendant, the State of Louisiana, the law is clear that states are not considered to be "persons" within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). In addition, the Eleventh Amendment bars suits against unconsenting states like Louisiana in federal court regardless of the nature of the relief sought. *Pinehurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908 (1984); *Cozzo v. Tangipahoa Parish Council – President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002).

The next Defendant identified by Plaintiff is the JPSO. Just like the State, entities like JPSO are not considered to be "persons" within the meaning of §1983. *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D. La. 2009). In a similar vein, state courts like the Twenty-Fourth Judicial District Court are not juridical entities capable of being sued under §1983. *Knight v. 24th Judicial District Court*, No. 06-CV-4537, 2006 WL 4017837 at *2 (E.D. La. Oct. 17, 2006)(citing *Moity v. Louisiana State Bar Association*, 414 F.Supp.

180, 182 (E.D. La.), *aff'd*, 537 F.2d 1141 (5th Cir. 1976)(table)).  The final Defendant named by Plaintiff in this case is the JPCC.  That Defendant, however, is merely a building, not a "person" subject to suit under §1983.  *Mitchell v. Jefferson Parish Correctional Center*, No. 13-CV-4963, 2013 WL 6002770 at *3 (E.D. La. Nov. 12, 2013); *Stamps v. Jefferson Parish Correctional Center*, No. 12-CV-1767, 2012 WL 3026808 at *2 (E.D. La. July 12, 2012), *adopted*, 2012 WL 3027945 (E.D. La. July 24, 2012); *Dussett v. Jefferson Parish Correctional Center*, No. 09-CV-6462, 2010 WL 2076772 at *3 (E.D. La. April 21, 2010), *adopted*, 2010 WL 2008982 (E.D. La. May 18, 2010).  In light of the authorities cited above, it will be recommended that Plaintiff's §1983 claims against the specifically named Defendants be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).  *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint, insofar as it can be construed as a request for *habeas corpus* relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that Plaintiff's §1983 claims against the named Defendants be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this  23rd  day of        March        , 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE